UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMBER J. SMELLY<br>　　Plaintiff<br><br>　　　vs.<br><br>TRANS UNION, LLC<br>　　&<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br>　　&<br>EQUIFAX INFORMATION<br>SERVICES, LLC<br>　　&<br>SYNCHRONY BANK<br>　　&<br>ATLANTIC CREDIT & FINANCE<br>SPECIAL FINANCE UNIT, LLC<br>　　Defendants | Case Number<br><br><br><br><br><br><br>CIVIL COMPLAINT<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Amber J. Smelly, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.　　Plaintiff, Amber J. Smelly, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act and Fair Debt Collection Practices Act, as well as for relief from Defamation of Character.

### II. JURISDICTION

2.　　Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

1

3. Venue in this district is proper in that Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Amber J. Smelly (hereinafter referred to as "Plaintiff") is an adult natural person with a mailing address of 138 South 8th Street, Newark, New Jersey 07107.

5. Defendant, Trans Union, LLC (hereafter referred to as "Defendant Trans Union"), at all times hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with a principal office located at 1510 Chester Pike, Crum Lynne, PA 19022.

6. Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 955 American Lane, Schaumburg, Illinois 60173.

7. Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

8. Defendant, Synchrony Bank (hereinafter referred to as "Defendant Sychrony"), at all times hereto, is and was a company engaged in the business of banking and lending within but not limited to the States of New Jersey and Utah with a primary location of 170 West Election Road, Suite 125, Draper, Utah 84020.

9. Defendant, Atlantic Credit & Finance Special Finance Unit, LLC (hereinafter referred to as "Defendant Atlantic"), at all times hereto, is and was a limited liability company engaged in the business of purchasing and collecting upon debt within but not limited to the State

of New Jersey and the Commonwealth of Virginia with a primary location of 3353 Orange Avenue Northeast, Roanoke, Virginia 24012.

## IV. FACTUAL ALLEGATIONS

10. Defendants Trans Union, Experian, and Equifax have been reporting that Plaintiff allegedly has a charge off balance with Defendant Synchrony for alleged Care Credit credit card allegedly opened in October 2013.

11. Plaintiff paid on this account for over a year from 2013 through 2014 directly to Defendant Synchrony.

12. As of January 2015, Defendant Experian was reporting a charge off amount of $1,441.00 and a High/Limit of $1,441.00 as to this account.

13. As of January 2015, Defendant Equifax was reporting a charge off amount of $1,027.00 and a High/Limit of $0 as to this account.

14. The amounts of $1,027.00 and $1,441.00 are not authorized by any agreement creating the alleged debt nor permitted by law and constitute inaccuracies.

15. On or about April 21, 2015, suit was filed against Plaintiff for $1,382.55 by Defendant Atlantic, Successor in Interest to Defendant Synchrony by and through their attorney.

16. The amount of $1,382.55 is not authorized by any agreement creating the alleged debt nor permitted by law and constitutes an inaccuracy.

17. On or about April 28, 2015, Plaintiff disputed the accuracy of the trade line of Defendant Synchrony with Defendants Trans Union, Experian and Equifax.

18. In said disputes, Plaintiff advised Defendants Trans Union, Experian, and Equifax that Equifax was reporting a charge off amount of $1027, Experian was reporting a charge off

amount of $1441, Plaintiff was sued for $1382 on this account, and that Defendants Trans Union, Experian, and Equifax were reporting this account inaccurately.

19. In the above referenced communication, Plaintiff requested that all inaccurate information be removed from her credit report.

20. On or about May 4, 2015, Plaintiff called Defendant Atlantic seeking an explanation as to the amount it was alleged she owed to Defendant Atlantic.

21. Defendant Atlantic alleged on the phone to Plaintiff that Plaintiff owed $1,385.00, another unexplained and unsubstantiated dollar amount.

22. The amount of $1,385.00 is not authorized by any agreement creating the alleged debt nor permitted by law and constitutes an inaccuracy.

23. Defendant Trans Union responded to Plaintiff's dispute by advising Plaintiff that the trade line of Defendant Synchrony had been "verified" and would remain unchanged on Plaintiff's credit report.

24. Defendant Equifax responded to Plaintiff's dispute by advising Plaintiff that the trade line of Defendant Synchrony had been "verified" and would remain on Plaintiff's credit report, but Defendant Equifax arbitrarily changed the charge off amount from $1,027 to $0 and the High/Limit from $0 to $1,441.

25. Defendant Experian responded to Plaintiff's dispute by advising Plaintiff that the trade line of Defendant Synchrony had been "verified" and would remain on Plaintiff's credit report, but Defendant Equifax arbitrarily changed the High/Limit amount from $1,441 to $0.

26. Defendants Trans Union, Experian, and Equifax each failed to mark the account disputed, despite Plaintiff's dispute of the same.

27. Defendants Trans Union, Experian, and Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report.

28. Plaintiff recently discovered that Plaintiff Atlantic is reporting on Plaintiff's credit that she owes $1,383 as to this account, whereby Defendant Atlantic is attempting to collect an amount not authorized by any agreement creating the alleged debt nor permitted by law and constitutes an inaccuracy.

29. On or about May 29, 2015, Plaintiff, by and through her undersigned attorney, notified Defendant Atlantic by and through their counsel that there existed violations of federal statutes with respects to the reporting and collecting of Plaintiff's alleged debt.

30. Despite this communication, Defendant Atlantic, by and through their attorney, proceeded with their lawsuit against Plaintiff.

31. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

32. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

33. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

34. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

35. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

## COUNT I – FCRA
*Plaintiff v. Trans Union, LLC, Experian Information Solutions, Inc., Equifax Information Services, LLC, Synchrony Bank, and Atlantic Credit & Finance Special Finance Unit, LLC*

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. At all times pertinent hereto, Defendants Trans Union, Experian and Equifax were "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(b) and (f).

38. At all times pertinent hereto, Defendants Synchrony and Atlantic were "furnishers" within the meaning and context of the Fair Credit Reporting Act.

39. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

40. At all times pertinent hereto, the above mentioned credit reports were "consumer reports" as that terms is defined by 15 U.S.C. §1681a(d).

41. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union, Experian and Equifax are liable to the Plaintiff for engaging in the following conduct:

   (a) Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(d) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(e) Willfully and negligently failing to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1681e(8).

42. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Synchrony and Atlantic are liable to the Plaintiff for engaging in the following conduct:

(a) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being provided with proof of its inaccuracy; and

(b) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy; and

(c) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b); and

(d) Reporting information with actual knowledge of errors in violation of 15 U.S.C. §1681s-2(a)(1)(A); and

(e) Reporting information after notice and confirmation of errors in violation of 15 U.S.C. §1681s-2(a)(1)(B); and

(f) Failing to correct and update information in violation of 15 U.S.C. §1681s-2(a)(2)(B); and

(g) Failing to provide notice of dispute in violation of 15 U.S.C. §1681s-2(a)(3); and

(h) Failing to conduct an investigation with respect to disputed information in violation of §1681s-2(a)(8).

43. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendants Trans Union, Experian, Equifax, Synchrony, and Atlantic, for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1681n;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II – FDCPA
*Plaintiff v. Atlantic Credit & Finance Special Finance Unit, LLC*

44. The above paragraphs are hereby incorporated herein by reference.

45. At all times relevant hereto, Defendant Atlantic was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

46. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt. |
| §§ 1692e(8): | Communicates false credit information, including failure to communicate that a debt is disputed. |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1): | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant Atlantic, for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT III– DEFAMATION OF CHARACTER
*Plaintiff v. Trans Union, LLC, Experian Information Solutions, Inc., Equifax Information Services, LLC, Synchrony Bank, and Atlantic Credit & Finance Special Finance Unit, LLC*

47.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48.    Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

49.    Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

50.    The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff as financially irresponsible and delinquent.

51.    Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

10

52. The appearance of the trade lines of Defendants Synchrony and Atlantic constitute a falsehood concerning Plaintiff's credit history.

53. Defendants knew or reasonably should have known that the information regarding the trade lines of Defendants Synchrony and Atlantic they have published and re-published on Plaintiff's credit reports are incorrect and false as Plaintiff has notified them of such.

54. Defendants continue to publish the false and negative trade lines of Defendants Synchrony and Atlantic on Plaintiff's credit history up through the present time.

55. Defendants knew that the trade lines of Defendants Synchrony and Atlantic on Plaintiff's credit report was false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

56. The publications of the trade lines of Defendants Synchrony and Atlantic on Plaintiff's credit report constitutes libel per se.

57. In addition, and despite the notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

58. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendants Trans Union, Experian, Equifax, Synchrony, and Atlantic, for the following:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. An order directing the Defendants immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: June 22, 2015          BY: */s/Brent F. Vullings*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike Suite 102
Collegeville, PA 19426
Attorney for Plaintiff